**DWB HOLDING CO., Plaintiff,**

v.

**UNITED STATES of America, Drug Enforcement Administration, and Internal Revenue Service, Defendants.**

Case No. 6:08–cv–1881–orl–28KRS.

United States District Court,
M.D. Florida,
Orlando Division.

Jan. 12, 2009.

Howard Srebnick, Black, Srebnick, Kornspan & Stumpf, PA, Scott A. Srebnick, P.A., Miami, FL, for Plaintiff.

Nicole M. Andrejko, U.S. Attorney's Office, Orlando, FL, for Defendants.

**ORDER**

JOHN ANTOON II, District Judge.

This cause is before the Court on Plaintiffs Motion for Immediate Return of Property (Doc. 2) and the Government's response thereto (Doc. 18). For the rea-

sons stated below, the relief requested must be denied.

## Background Facts

In August of 2008, two seizure warrants were issued as to two bank accounts in the name of the Plaintiff.[1] The warrants were served on the respective banks and the funds in the name of the Plaintiff in the two identified accounts were seized. The first account at M & I Bank was seized on August 22, 2008 resulting in approximately $24,350,221.35 being seized. The second account at Whitney National Bank was seized on August 26, 2008 resulting in approximately $200,000.00 being seized.

Plaintiff now seeks an Order for the immediate return of these seized assets claiming that more than sixty (60) days without written notice of the seizure or the filing of a civil forfeiture complaint has passed in violation of 18 U.S.C. § 983.

## Analysis

■ Although Plaintiff is correct that written notice is required within sixty (60) days after the date of seizure when there is a nonjudicial civil forfeiture proceeding, 18 U.S.C. § 983(1)(A)(I), Plaintiff is incorrect that such notice is required in this instance because the United States has not commenced nonjudicial forfeiture proceedings. Nonjudicial proceedings are administrative. The amount seized is over $500,00.00, the threshold for giving notice contemplated in administrative proceedings of 18 U.S.C. § 983. 19 U.S.C. § 1607. Thus, because the amount seized exceeds $500,000.00, the Drug Enforcement Administration ("DEA") cannot initiate administrative proceedings against the funds and is therefore not required to give notice.

■ Plaintiff also argues that because the government has not begun proceedings, has not provided notice, and has not returned the funds, its due process rights have been violated. The test to determine whether a delay in filing a forfeiture action is reasonable "involves a weighing of four factors: length of the delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *United States v. $8,850 in U.S. Currency,* 461 U.S. 555, 103 S.Ct. 2005, 76 L.Ed.2d 143 (1983). The seizure of Plaintiff's funds were made as part of an on-going criminal investigation, involving a drug trafficking criminal enterprise. The seizures occurred just over four (4) months ago. The funds seized are significant. The reason for no proceedings being commenced as to these seized funds is that the investigation is on-going and involves an allegedly large enterprise. Plaintiff has not shown that the seizure has caused it prejudice or that the assets are wrongfully restrained. *See United States v. Premises Located at Route 13,* 946 F.2d 749 (11th Cir.1991); *United States v. Bissell,* 866 F.2d 1343 (11th Cir.1989).

The facts analyzed under the above factors indicate that there has not been an unreasonable delay by the government and Plaintiff's due process rights have not been violated. Further evidence of this is the fact that had the government elected to begin an administrative forfeiture action, the time for the government to initiate a judicial proceeding against the funds would not yet have expired.

## Conclusion

Plaintiff's Motion for Immediate Return of Property is **DENIED.** Plaintiff's Motion for Leave to file a Reply (Doc. 23) is

---

1. The two warrants were issued by two different United States Magistrate Judges in the District of Arizona after finding probable cause existed for the seizure of such funds. (Doc. 18 at 2).

**DENIED as moot** and the Reply (Doc. 26) filed by Plaintiff is hereby **STRICKEN.**